UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                        Case Nos.:   4:19cr13/MW/MAL
                                                        4:21cv368/MW/MAL

WILLIE LEON POWELL,
        Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant Willie Leon Powell's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 136. The

Government responded in opposition and Powell filed a reply. ECF Nos. 138, 140.

After review of the record and relevant law, the undersigned recommends the section

2255 motion be denied without an evidentiary hearing because Powell has failed to

state a valid claim for ineffective assistance of counsel, and the remainder of his

claims are procedurally defaulted or barred, and otherwise without merit.

## I.    BACKGROUND

On January 15, 2019, a federal grand jury returned a one-count indictment

charging Powell with knowingly possessing a firearm and ammunition by a

convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and

924(e). ECF No. 1. A superseding indictment was returned on August 20, 2019, containing the same charge but adding an allegation that Powell possessed the firearm "knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year" to comply with *Rehaif v. United* States, 588 U.S. 225 (2019). ECF No. 28.

Powell was represented by Joseph DeBelder, who is an experienced criminal defense attorney and the current Federal Public Defender for the Northern District of Florida. Attorney DeBelder was active in defending Powell. Attorney DeBelder filed a motion to suppress Powell's admission to law enforcement. ECF No. 40. The court granted the motion and suppressed Powell's admission that he obtained the firearm from Holton Street in Tallahassee. ECF No. 46. Attorney DeBelder also filed a motion in limine to exclude from evidence Powell's prior drug arrests and convictions and recent text messages indicating Powell was selling drugs. ECF No. 59. The Court granted the motion in limine as to the prior drug arrests and convictions but denied the motion as to the recent text messages. ECF No. 67; ECF No. 121 at 37-39.

Powell took his case to trial and lost. ECF Nos. 84–85. The district court sentenced Powell to a term of 180 months' imprisonment and a three-year term of

supervised release, which was a significant downward variance from the guidelines.[1] ECF Nos. 99, 100.

Powell filed a direct appeal arguing that Title 18, United States Code, Section 922(g)(1) is unconstitutional, either facially or as applied, because it exceeds the proper reach of the Commerce Clause. *See* ECF No. 130 at 3. The Eleventh Circuit Court of Appeals rejected Powell's argument stating, "[w]e have, many times, rejected the same Commerce Clause argument that Powell made in the district court and that he makes here." *United States v. Powell*, 844 F. App'x 280 (11th Cir. 2021). On April 9, 2021, the Eleventh Circuit affirmed Powell's conviction. *Powell* at 282; ECF No. 130 at 4.

## II.    STANDARDS

### A. <u>Section 2255 Motions</u>

A defendant is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

---

[1] According to the Presentence Investigation Report (PSR), Powell had a total offense level of 34 due to his enhancement as an Armed Career Criminal under 18 U.S.C. § 924(e) and under U.S.S.G. §4B1.4(b)(3)(A) because he possessed the firearm in connection with a controlled substance offense. ECF No. 96, PSR ¶ 30, 32. Powell had 16 criminal history points, establishing a criminal history category of VI. PSR ¶ 51. The corresponding advisory guidelines range was 262 to 327 months. PSR ¶ 85.

subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Any "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting other cases).

Because a section 2255 motion is not a substitute for direct appeal, issues that could have been raised on direct appeal, but were not, are generally not cognizable in a section 2255 motion and are considered procedurally defaulted. *See Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). Absent a showing that a purported ground in a section 2255 motion was unavailable on direct appeal, a court may not consider it unless the defendant establishes either (1) cause for not raising the ground on direct appeal and actual prejudice resulting from the alleged error, or, alternatively, (2) a miscarriage of justice, or actual innocence. *Id.* at 1384.

Distinct from a procedural default, a procedural bar prevents a defendant from rearguing in a section 2255 motion issues that were raised and rejected on direct appeal. *See Seabrooks*, 32 F.4th at 1383. To overcome a procedural bar, there must be an intervening change in law. *Id.*

**B.** <u>**Ineffective Assistance of Counsel**</u>

A defendant making a claim of ineffective assistance of counsel must show: (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, … the Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

Thus, no evidentiary hearing is required unless the defendant "alleges facts that if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). A defendant claiming ineffective assistance because counsel failed to raise a particular challenge must at least allege a "factual basis upon which counsel could have relied in making such a challenge." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992). "'Conclusory allegations of ineffective

assistance are insufficient.'" *Id.* (*quoting United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1992)).

### III.    POWELL'S GROUNDS FOR RELIEF

Powell lists three grounds for relief in his motion, with some grounds containing multiple subparts. Powell states his grounds as follows:

**GROUND ONE:** Ineffective assistance of trial counsel …

1) Counsel failed to argue the legitimacy of the search and seizure which led to the petitioner's arrest and subsequent conviction.
2) Despite the petitioner's requests to have information regarding the maintenance of the arresting officer's vehicle, counsel failed to do so.
3) Counsel waived the petitioner's right to challenge his conviction by stipulating that the petitioner knew he was a felon, not considering whether or not petitioner knew he could possess a firearm. …

**GROUND TWO:** Fifth Amendment Constitutional Violation …

Trial transcripts illustrate how the deprivation of the petitioner's autonomy interest under the Fifth Amendment due process clause has consequences that are necessarily unquantifiable and indeterminate, and the precise effect of the violation cannot be ascertained. The jury in the petitioner trial wasn't instructed of all the elements of the offense for which the petitioner was convicted. …

**GROUND THREE:** Conviction is unconstitutional because it violated the Commerce Clause, and there was no jurisdictional basis for indictment. …

The element of interstate or foreign commerce was not explained to the jury, and the court lacked jurisdiction to indict or convict the petitioner of a 18:922(g) offense.

ECF No. 136 at 4-7.

## IV.    ANALYSIS

### A. Ground One: Ineffective Assistance of Counsel

Construing Powell's motion and reply liberally, Powell's arguments for ineffective assistance of counsel fall into two categories: suppression issues and waiver of a defense. As to the suppression issues, Powell first contends Attorney DeBelder was ineffective because he failed to obtain maintenance records for the officer's vehicle to challenge the legality of his traffic stop for speeding. ECF No. 136 at 4; ECF No. 140 at 2-5. Second, Powell contends Attorney DeBelder was ineffective for failing to challenge the search of the car on grounds that all of the marijuana shake found by the officers was used up in a field test and neither the marijuana nor field test were logged into evidence. ECF No. 140 at 3. As for the waiver issue, Powell contends Attorney DeBelder was ineffective for "waiving his right to challenge his conviction by stipulating that the [Powell] knew he was a felon, not considering whether [Powell] knew he could possess a firearm." ECF No. 136 at 4.

#### 1.  Suppression Issues

According to the trial transcripts, the circumstances of the traffic stop and search were as follows. Officer Robert Amos of the Tallahassee Police Department

observed Powell's vehicle going 45 miles per hour in a 35 mile per hour speed zone after "pacing it." Transcript of Jury Trial, ECF No. 119 at 51:11–25. Officer Mitch Outlaw conducted the traffic stop based on information Officer Amos conveyed to him. *Id.* at 51:19–25. During the stop, Officer Outlaw learned Powell did not have a valid driver's license, so he placed Powell under arrest for driving without a valid license. *Id.* at 52:19–25; 95:15–19. At the time of arrest, Powell was the sole occupant and driver of the vehicle. *Id.* at 53:1–3.

Officer Amos observed what he believed to be marijuana "shake" (remnants of marijuana) in plain view on the driver's seat. *Id.* at 53:6–12; 76:15–21. Officer Amos took some of the shake and conducted a field test to confirm the presence of marijuana. *Id.* at 53:13–16; 80:1–4. Following a positive result for marijuana, Officer Amos and Officer Brandon McGill searched the vehicle and found "several small half-by-half zip-style baggies, three of which contained a white powdery crystal-type substance." *Id.* at 53:19–25; 98:1–13. When the officers reached the trunk, they found a backpack containing the loaded firearm that Powell was convicted of possessing. *Id.* at 55:2–5; 96:6–7.

### a.    Vehicle Maintenance Records

A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). A decision to conduct a traffic stop is reasonable under the Fourth Amendment when the police officer has probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996).

In this case, the Tallahassee Police Department officers had probable cause to conduct a traffic stop of Powell for speeding. Officer Amos paced Powell's car and observed Powell driving 45 miles per hour in a 35 mile per hour speed zone. ECF Doc. 119 at 51:11–25. Officer Outlaw then conducted the traffic stop based the information Officer Amos conveyed to him. *Id.* at 51:19–25.

Powell contends the court cannot "be absolutely certain that the officer's speedometer was accurately calibrated without inspection and maintenance records[.]" ECF No. 140 at 3. Absolute certainty is not the applicable standard under the Fourth Amendment to assess the reasonableness of a traffic stop. The standard is probable cause. Moreover, Powell is merely speculating that the speedometer had not been properly calibrated. He does not provide any records to show whether it was or was not.

Regardless, Powell cannot show prejudice or deficient performance on the part of Attorney DeBelder as to this issue. The reason is, "speedometer testing is irrelevant to the Fourth Amendment reasonable analysis because an officer's observation of a traffic violation is enough to create probable cause under the Fourth Amendment …." *United States v. Rowls*, 402 F. App'x 467, 468 (11th Cir. 2010). Probable cause requires "the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" *Florida v. Harris*, 568 U.S. 237, 244 (2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). Thus, it is "not unreasonable for [officers] to rely on their speedometers for accuracy" even in the absence of proof of testing. *Rowls*, 402 F. App'x at 468.

Attorney DeBelder's failure to obtain vehicle maintenance records does not constitute ineffective assistance of counsel. Accordingly, Powell's claim as to this issue must be denied.

### b.    Marijuana and Field Test

Powell also complains that Attorney DeBelder was ineffective for failing to file a motion to suppress the search of the car. According to Powell, Attorney DeBelder should have filed a motion to suppress because all the marijuana shake the officers found was used up in a field test, and because neither the marijuana shake

nor the field test were saved in evidence. ECF 140 at 3-5. Powell does not cite to any authority for his assumption that failure to save these items into evidence invalidates the search.

When there is probable cause to believe that evidence or contraband is in an operational vehicle, the vehicle may be searched without a warrant. *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007). Here, Officer Amos had probable cause to believe there was contraband in the vehicle because he saw marijuana shake in plain view on the car seat. Officer Amos's observation was sufficient to establish probable cause to search the car. *See United States v, Spoerke*, 568 F.3d 1236, 1249 (11th Cir. 2009) (observation of contraband in plain view in a vehicle entitles the officer to seize the contraband and conduct a warrantless search of the vehicle); *United States v. Booker*, 269 F.3d 930, 932 (8th Cir. 2001) (observation of marijuana residue in the vehicle during lawful traffic stop gave the officer probable cause to search). Accordingly, Powell's claim as to this issue must be denied.

### 2.  Waiver of Defense

In addition to the foregoing suppression issues, Powell also claims ineffective assistance of counsel based on the stipulation made at trial that Powell was a

convicted felon.[2] Powell contends Attorney DeBelder should not have allowed the stipulation without first letting Powell raise a defense that he did not know he could not possess a firearm. This defense, however, is not a defense at all.

The Government was not required to prove that Powell knew he could not possess a firearm. In *Rehaif v. United States*, the United State Supreme Court clarified that to convict a defendant of illegal possession of a firearm under Section 922(g), the Government must prove "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 588 U.S. 225, 227 (2019). Powell's relevant status under Section 922(g) is that of a felon under 18 U.S.C. § 922(g)(1).

Here, under *Rehaif*'s knowledge-of-status requirement, the fact that Powell "does not recognize that he personally is prohibited from possessing a firearm under federal law is *no defense* if he knows he has a particular status, and that *status happens to be* one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020) (emphasis added). In his section

---

[2] Before trial, Powell signed a stipulation stating he knew he had been convicted of a felony. ECF No. 82. The stipulation was beneficial to Powell because it prevented the Government from revealing to the jury the name and nature of his prior convictions. *See Old Chief v. United States*, 519 U.S. 172, 175 (1997) ("Fearing prejudice if the jury learns the nature of the earlier crime, defendants sometimes seek to avoid such an informative disclosure by offering to concede the fact of the prior conviction."). The superseding indictment lists 11 prior felony convictions. ECF No. 28. The PSR shows Powell had multiple prison sentences. ECF No. 96 ¶¶ 36, 39, 45.

2255 motion, Powell does not dispute the fact he knew he was a felon. ECF No. 136 at 4. Nor does Powell dispute he possessed a firearm. *Id.* Rather, Powell contends that he should have been given an opportunity to argue that he did not know felons are prohibited from possessing firearms. *Id.* This argument would not have been a valid defense. *See Rehaif,* 588 U.S. at 234 (acknowledging ignorance of the law is not a defense "where a defendant has the requisite mental state in respect to the elements of the crime but claims to be 'unaware of the existence of a statue proscribing his conduct.'"); *Johnson*, 981 F.3d at 1189.

Powell's claim that counsel was ineffective for letting him stipulate he was a convicted felon without first allowing Powell to allege he did not know he could not possess a firearm is without merit. Defense counsel was not constitutionally ineffective, and Powell is not entitled to relief on this ground.

## B. Ground Two: Fifth Amendment Violations

Powell appears to raise two claims for violation of his rights under the Fifth Amendment. First, he claims that his "autonomy interest under the Fifth Amendment due process clause" was violated. Second, he claims the jury was not instructed on all the elements of the offense, thus violating his due process rights.

### 1. "Autonomy Interest"

Powell's argument about a Fifth Amendment violation of his "autonomy interest" is unintelligible. The burden is on Powell to allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting other cases). Powell himself admits confusion about this claim, noting that the alleged violation is "unqualifiable and indeterminate, and the precise effect of the violation cannot be ascertained." ECF No. 136 at 5. His claim is nothing more than a conclusory allegation wholly unsupported by the record. *Id.*

Additionally, this ground is procedurally defaulted because Powell failed to raise it on direct appeal. *See Seabrooks*, 32 F.4th 1375, 1383-84. Powell has not alleged cause and prejudice to excuse the procedural default. He has also failed to allege a miscarriage of justice or actual innocence. This claim should therefore be denied.

### 2. Jury Instructions

Powell's argument that the district court failed to instruct the jury on all the elements of 18 U.S.C. § 922(g)(1) is without merit. The record shows the district court properly instructed the jury in conformity with *Rehaif v. United States* by

giving the following instructions:

> The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> 1. the defendant knowingly possessed a firearm;
>
> 2. before possessing the firearm, the defendant had been convicted of a felony—a crime punishable by imprisonment for more than a year;
>
> 3. at the time of the charged act, the defendant knew that he had been convicted of such an offense; and
>
> 4. the firearm had been transported in interstate or foreign commerce.

ECF No. 84-3 at 6-7; ECF No. 118, Transcript of Jury Trial, at 268:8-25; 269:1-3.

The district court properly instructed the jury about *Rehaif*'s knowledge-of-status requirement in element three. *See Rehaif*, 139 S. Ct. at 2194. Powell does not specify what elements of the charge were allegedly missing in the instruction, and it is Powell's burden to do so. *Beeman v. United States,* 871 F.3d 1215, 1222 (11th Cir. 2017). His claim is without merit.

Additionally, the claim is procedurally defaulted because Powell failed to raise this claim on direct appeal. He again has not alleged cause and prejudice, or a miscarriage of justice or actual innocence. This claim should therefore be denied.

### C. Ground Three: Commerce Clause

Powell argues in Ground Three that the element of interstate or foreign commerce was not explained to the jury and that the court lacked jurisdiction to convict hm of a § 922(g) offense. These arguments are without merit. They are also procedurally defaulted and procedurally barred respectively.

### 1. Jury Instructions

A review of the records shows the district court properly instructed the jury on the jurisdictional element of 18 U.S.C. § 922(g)(1). The district court instructed the jury that the Government must prove beyond a reasonable doubt that "[t]he firearm had been transported in interstate or foreign commerce." ECF. Doc 118, Transcript of Jury Trial, at 268:8-25; 269:1-3; *see United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010) (holding that section 922(g) was constitutional as applied because the "government established that the firearms involved in Wright's offense were manufactured outside of Florida, the state in which the offense took place," which meant "the firearms necessarily traveled in interstate commerce and therefore satisfied the minimal nexus requirement").

In addition to being without merit, Powell's jury instruction claim is procedurally defaulted because Powell failed to raise it on direct appeal.

Furthermore, as with his other defaulted claims, Powell does not allege any circumstances to excuse the procedural default. This claim should therefore be denied.

### 2. Commerce Clause

On direct appeal, the Eleventh Circuit rejected Powell's claim that the felon-in-possession statute is unconstitutional under the Commerce Clause. *See United States v. Powell*, 844 F. App'x. 280 (11th Cir. 2021). Powell appears to make the same claim now. His argument is procedurally barred. *See*, *Seabrooks,* 32 F.4th at 1383. Powell does not allege a change in law to excuse the procedural bar.

## V.    CONCLUSION

An evidentiary hearing is not necessary to resolve Powell's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Contrary to Powell's arguments in Ground One, there is no reasonable probability that a motion to suppress would have succeeded. As to Ground Two, Powell has failed to state a valid Fifth Amendment claim, the jury was properly instructed on the elements of the crime, and his claims are procedurally defaulted. Finally, as to Ground Three, Powell's arguments about the jury instruction

and the Commerce Clause are procedurally defaulted and procedurally barred, respectively. They are also without merit. Accordingly, Powell's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should be issued." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (ECF No. 136) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Gainesville, Florida on August 8, 2024.


s/ Midori A. Lowry
**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.